Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL II

| CARLOS CEDEÑO ORTEGA  Parte Recurrente  v.  DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN  Parte Recurrida | TA2026RA00081 | *Revisión Administrativa* procedente del Departamento de Corrección y Rehabilitación/ División de Remedios Administrativos  Caso Núm. GMA500-876-25 |
|---|---|---|

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, el Juez Rodríguez Flores y la Jueza Díaz Rivera

**SENTENCIA**

En San Juan, Puerto Rico, a 26 de marzo de 2026.

Comparece ante nos por derecho propio y de forma *pauperis* el Sr. Carlos Cedeño Ortega (señor Cedeño), quien se encuentra confinado en la Institución Guayama 500, y solicita que revisemos una determinación emitida el 11 de diciembre de 2025, por la División de Remedios Administrativos (DRA) del Departamento de Corrección y Rehabilitación (DCR), que denegó su solicitud de remedio administrativo.

Sin necesidad de trámite ulterior, y por los fundamentos que expondremos a continuación, se desestima el recurso de epígrafe por falta de jurisdicción.

**I.**

El 30 de octubre de 2025, el señor Cedeño presentó una *Solicitud de Remedios Administrativos* ante la DRA del DCR. En ella, solicitó que se interviniera con el "uso y abuso de poder" por parte del Oficial Correccional Cristian Rivera. En síntesis, alegó que el Oficial Correccional (OC) le faltó el respeto al violar los procedimientos de registro con el sistema de rayos x dispuestos en el *Reglamento para la Utilización de Equipo de Detección Electrónicas y Rayos X de Sustancias Controladas, Explosivos y Contrabando en*

*las Instituciones Correccionales y Centro de Tratamiento Social,* Reglamento Núm. 9611 de 16 de octubre de 2024.

El 11 de diciembre de 2025, la DRA emitió su respuesta. En ésta, indicó que "los porcentajes con que se realizan las inspecciones en *full body scan* no le corresponden a usted como confinado de solicitar verlos".[1] También le informaron que la acción y criterio al realizar los escaneos son asuntos de seguridad que le corresponde a la institución. Continúan diciendo que todas las medidas de seguridad se toman acorde a lo ya reglamentado y establecido. Por último, le indicaron que el OC Rivera fue removido y ubicado en otro puesto.[2]

Ante lo informado, el señor Cedeño instó una solicitud reconsideración el 9 de enero de 2026.[3] En síntesis, reclamó tener derecho a saber en qué porciento se está operando la máquina para realizar los escaneos conforme al Reglamento Núm. 9611, *supra.* También estuvo en desacuerdo que hayan reubicado al OC Rivera a otro puesto, sin conocer si le impusieron alguna medida disciplinaria.

Así las cosas, el 23 de enero de 2026, la DRA emitió la respuesta a la reconsideración presentada por el señor Cedeño y denegó la petición.[4] Comienza la comunicación confirmando la respuesta del área de superintendencia. Reitera que el OC Rivera fue movido de área para mantener una atmósfera de respeto en el área de trabajo. También se le indica que las medidas disciplinarias o sanciones a los empleados son determinadas por los supervisores, luego de evaluar e investigar. Por último, le informaron que el equipo de rayos x es uno pasivo y no invasivo y que es discrecional su utilización en cualquier momento como asunto de seguridad.

---

[1] SUMC-TA, Entrada 1, Apéndice 3.
[2] *Íd.*
[3] *Íd.*
[4] *Íd.*

Insatisfecho el señor Cedeño, suscribió el 17 de febrero de 2026, recibido por la Secretaría de ese Foro apelativo el 23 de febrero de 2026, el recurso que nos ocupa y lo tituló *Apelación en Carácter de Revisión Judicial al Honorable Tribunal.* El recurso presentado es una reproducción de los eventos mencionados en la *Solicitud de Remedios Administrativos* de octubre de 2025 y en la *Solicitud de Reconsideración* de enero de 2026, en los que entiende que se violentaron las normas relativas al procedimiento de registro *full body scan* dispuestas en el precitado Reglamento. El señor Cedeño solicita, entre otras cosas, una indemnización en daños y perjuicios, que se le imponga una sanción a los causantes de los presuntos daños y/o que se les procese criminalmente, que se le informe al Secretario de Corrección sobre el alegado patrón de abusos en los registros a los miembros de la población correccional, que cesen esas actuaciones y que el DCR no tome represalias en su contra por motivo de sus denuncias. Sin embargo, el escrito presentado no menciona cuáles fueron los errores que cometió el foro administrativo, que requieran una función revisora. Tampoco expresa los argumentos en derecho que apoyan su reclamo.

A tenor con la Regla 83 del Reglamento del Tribunal de Apelaciones, desestimamos el recurso de revisión judicial de epígrafe por falta de jurisdicción.

**II.**

A.    La jurisdicción

Como es sabido, "[la] jurisdicción es el poder o autoridad de un tribunal para considerar y decidir casos y controversias". *Municipio de Aguada v. W Construction*, LLC, 214 DPR 432 (2024). Véase, además, *RB Power, Inc. v. Junta de Subastas ASG*, 213 DPR 685 (2024); *Pueblo v. Torres Medina*, 211 DPR 950 (2023); *Cobra Acquisitions v. Mun. Yabucoa et al.*, 210 DPR 384 (2022). Así, para adjudicar un caso, el tribunal debe tener tanto jurisdicción sobre la

materia como sobre las partes litigiosas. *Cobra Acquisitions v. Mun. Yabucoa et al.*, supra, pág. 394. Por consiguiente, el primer factor a considerar en toda situación jurídica que se presente ante un foro adjudicativo es el aspecto jurisdiccional. *RB Power, Inc. v. Junta de Subastas de la ASG PR*, supra; *Torres Alvarado v. Maderas Atiles*, 202 DPR 495 (2019).

En ese sentido, el Tribunal Supremo de Puerto Rico ha enfatizado consistentemente que la falta de jurisdicción trae consigo las consecuencias siguientes: (1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente conferírsela a un tribunal como tampoco puede éste arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso, y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal motu propio. *MCS Advantage v. Fossas Blanco et al.*, 211 DPR 135 (2023). Véase, además, *Fuentes Bonilla v. ELA et al.*, 200 DPR 364 (2018); *González v. Mayagüez Resort & Casino*, 176 DPR 848 (2009).

Además, sabido es que ante la situación en la que un tribunal carece de autoridad para atender un recurso, solamente procede decretar la desestimación del caso ante su consideración. *Lozada Sánchez et al. v. JCA*, 184 DPR 898 (2011). Las cuestiones de jurisdicción por ser privilegiadas deben ser resueltas con preferencia, y de carecer un tribunal de jurisdicción lo único que puede hacer es así declararlo. *Pérez Rosa v. Morales Rosado*, 172 DPR 216 (2007). Véase, además, *Carattini v. Collazo Syst. Analysis, Inc.*, 158 DPR 345 (2003); *Autoridad Sobre Hogares de P.R. v. Sagastivelza*, 71 DPR 436 (1950). Al hacer esta determinación, debe desestimarse la reclamación sin entrar en los méritos de la controversia. *MCS Advantage v. Fossas Blanco et al.,* supra;

*González Santos v. Bourns P.R., Inc.*, 125 DPR 48 (1989). En consecuencia, la ausencia de jurisdicción es insubsanable. *S.L.G. Solá-Moreno v. Bengoa Becerra*, 182 DPR 675 (2011); *Vázquez v. A.R.P.E.*, 128 DPR 513 (1991).

Por lo tanto, un tribunal que carece de jurisdicción únicamente tiene que así declararlo y desestimar el caso. *Ruiz Camilo v. Trafon Group, Inc.*, 200 DPR 254 (2018). Véase, además, *Moreno González v. Coop. Ahorro Añasco*, 177 DPR 854 (2010); *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873 (2007). A tenor con lo anterior, les corresponde a los tribunales ser los guardianes de su jurisdicción, independientemente de que la cuestión haya sido planteada anteriormente o no. *Dávila Pollock et als. v. R.F. Mortgage*, 182 DPR 86 (2011). Véase, además, *Moreno González v. Coop. Ahorro Añasco*, supra, pág. 859; *S.L.G. Szendrey-Ramos v. F. Castillo*, supra. Así pues, de un tribunal dictar sentencia sin jurisdicción, su decreto será jurídicamente inexistente o ultra vires. *Municipio de Aguada v. W Construction, LLC*, supra, citando a *Maldonado v. Junta Planificación*, 171 DPR 46 (2007).

Cónsono con lo anterior, la Regla 83 de nuestro Reglamento, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR __ (2025), la cual regula el desistimiento y la desestimación, nos da la facultad para desestimar por iniciativa propia un recurso de apelación o denegar la expedición de un auto discrecional, entre otras razones, por falta de jurisdicción.

B.     Perfeccionamiento del recurso de revisión judicial.

El perfeccionamiento del recurso de revisión está regulado en la Parte VII del Reglamento del Tribunal de Apelaciones. Específicamente, la Regla 59 del Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA*, supra, dispone que:

El escrito de revisión contendrá:

[…]

(C) Cuerpo

(1) Todo recurso de revisión tendrá numeradas, en el orden aquí dispuesto, las partes siguientes:

(a)   En la comparecencia, el nombre de los recurrentes.

(b)   (b) Las citas de las disposiciones legales que establecen la jurisdicción y la competencia del Tribunal.

(c)   Una referencia a la decisión, reglamento o providencia administrativa objeto del recurso de revisión, la cual incluirá el nombre y el número del caso administrativo, el organismo o la agencia o funcionario o funcionaria que la dictó, la Región Judicial correspondiente, la fecha en que fue dictada y la fecha en que se archivó en autos copia de su notificación a las partes. También, una referencia a cualquier moción, resolución u orden mediante las cuales se haya interrumpido y reanudado el término para presentar el recurso de revisión.

La parte acreditará si, al momento de presentarse el recurso, existe algún otro recurso ante el Tribunal de Apelaciones o el Tribunal Supremo sobre el caso objeto del recurso. Además, si cualquiera de las partes, luego de la presentación del recurso, adviene en conocimiento de que se ha presentado otro recurso ante el Tribunal de Apelaciones, o el Tribunal Supremo, sobre el mismo caso, tendrá la obligación de informarlo al Tribunal de Apelaciones inmediatamente, mediante moción al respecto.

(d) Una relación fiel y concisa de los hechos procesales y de los hechos importantes y pertinentes del caso.

(e) Un señalamiento breve y conciso de los errores que a juicio de la parte recurrente cometió el organismo, agencia o funcionario recurrido o funcionaria recurrida.

(f) Una discusión de los errores señalados, incluyendo las disposiciones de ley y la jurisprudencia aplicables.

(g) La súplica.

[…]

(E) Apéndice

(1) El recurso de revisión incluirá un apéndice que contendrá una copia literal de:

(a) Las alegaciones de las partes ante la agencia, a saber, la solicitud original, la querella o la apelación y

las contestaciones a las anteriores hechas por las demás partes.

(b) En el caso de la impugnación de una regla o reglamento, si no hubiere un trámite previo ante el foro administrativo, dicha regla o reglamento constituirá la primera parte del apéndice.

(c) La orden, resolución o providencia administrativa objeto del recurso de revisión que se solicita, incluyendo las determinaciones de hechos y las conclusiones de derecho en que esté fundada, cuando procedieren.

(d) Toda moción, resolución u orden necesaria para acreditar la interrupción y reanudación del término para presentar el recurso de revisión.

(e) Toda resolución u orden, y toda moción o escrito de cualquiera de las partes que forme parte del expediente original administrativo, en los cuales se discuta expresamente cualquier asunto planteado en el recurso de revisión o que sean relevantes a ésta.

(f) Cualquier otro documento que forme parte del expediente original en la Agencia y que pueda ser útil al Tribunal de Apelaciones en la resolución de la controversia.

(g) En caso de que en apoyo al recurso de revisión se haga referencia a una regla o reglamento, deberá incluirse en el Apéndice el texto de la regla o reglas, o la sección o secciones del reglamento que sea pertinente o pertinentes.

(2) El tribunal podrá permitir, a petición del recurrente en el recurso, en moción o motu proprio, a la parte recurrente la presentación de los documentos a que se refiere el subinciso (1) con posterioridad a la fecha de presentación del recurso de revisión, dentro de un término de quince días contado a partir de la fecha de notificación de la resolución del tribunal que autoriza los documentos.

La omisión de incluir los documentos del Apéndice no será causa de desestimación del recurso.

El Tribunal Supremo de Puerto Rico señaló en *Morán v. Martí,* 165 DPR 365 (2005), la necesidad de discutir y fundamentar los errores que se imputan al foro de instancia. Allí explicó que el promovente del recurso tiene la obligación de poner en posición al foro apelativo de aquilatar y justipreciar el error señalado. Así pues, nuestro máximo Foro local reconoció que "solamente mediante un señalamiento de error y una discusión, fundamentada, con

referencia a los hechos y a las fuentes de derecho en que se sustenta, podrá el foro apelativo estar en posición de atender los reclamos que le plantean". Además, señaló como más importante que "el craso incumplimiento con estos requisitos impide que el recurso se perfeccione adecuadamente privando de jurisdicción al foro apelativo". *Íd.*

Así, toda la reglamentación aplicable a los diversos recursos apelativos requiere que el escrito contenga un señalamiento breve y conciso de los errores que a juicio del promovente cometió el foro recurrido. H. Sánchez Martínez, *Práctica Jurídica de PR, Derecho Procesal Apelativo*, Ed. LexisNexis de PR Inc., Hato Rey, PR, (2001), pág. 294. El cumplimiento de esa exigencia es importante porque el tribunal apelativo está obligado a considerar solamente los errores que el promovente señaló específicamente. *Íd.* No obstante, esa omisión no es fatal, si el litigante de facto alude de otro modo al error contenido y lo discute en su alegato. *Íd.*

C.     Incumplimiento con el Reglamento del Tribunal de Apelaciones.

Las partes deben observar rigurosamente las disposiciones reglamentarias para el perfeccionamiento de los recursos ante los foros apelativos. *M-Care Compounding et al v. Dpto. de Salud*, 186 DPR 159 (2012); *Pueblo v. Rivera Toro*, 173 DPR 137 (2008). Así pues, la aplicación flexible del reglamento solo procede en situaciones muy particulares, en las cuales tal flexibilidad está plenamente justificada. El Tribunal Supremo de Puerto Rico reconoció que el reglamento debía aplicarse flexiblemente, cuando se incumple con un requisito de forma de menor importancia. *Arriaga v. FSE*, 145 DPR 122 (1998).

Asimismo, en *Febles v. Romar*, 159 DPR 714 (2003), el Tribunal Supremo de Puerto Rico advirtió que "el hecho de que las

partes comparezcan por derecho propio, por sí solo, no justifica que incumplan con las reglas procesales".

**III.**

El recurso de autos, aun desde la óptica más liberal, no es revisable. La esencia del escrito fue expresar su sentir ante las alegadas faltas de respeto, vocabulario soez y trato hostil que recibió por parte del OC Rivera. Lo anterior, ante la supuesta violación de los procedimientos del Reglamento 9611, *supra,* sobre el uso del *full body scan.* El escrito se desarrolla sobre expresiones y alegaciones muy generalizadas, las cuales no son suficientes para recurrir en revisión.

El señor Cedeño incumplió sustancialmente con los requisitos reglamentarios para perfeccionar su recurso, necesarios para que podamos asumir jurisdicción y atenderlo. En lo específico, el señor Cedeño no señaló los errores breves y concisos que a su juicio cometió el foro administrativo. Tampoco incluyó una discusión fundamentada, con referencia a los hechos y a las fuentes de derecho en que sustenta sus reclamos.

Estas deficiencias nos privan de jurisdicción para atender el recurso, por lo que debe ser desestimado.

**IV.**

Por los fundamentos antes expuestos, desestimamos el recurso de revisión judicial por falta de jurisdicción.

Notifíquese.

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones